# REX WHITEHORN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW

REX WHITEHORN

APHRODITE HEPHEASTOU
CAESAR D. RICHBOW
DENIS FISHMAN

OF COUNSEL:
MARK D. MERMEL
DENNIS M. REISMAN

11 GRACE AVENUE
SUITE 411
GREAT NECK, NEW YORK 11021

TEL: (516) 829-5000
FAX: (516) 829-5190
Rw@Rwassociatespc.com

June 17, 2015

**VIA ECF AND FACSIMILE**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom: 11A
New York, NY 10007-1312
Attn: Hon. George B. Daniels

    Re:    <u>Guzman et. al. v. Three Amigos SJL Inc., et. al</u>
            Index No.: 14 CV: 10120 (GBD)
            <u>Rodriguez et. al. v. Three Amigos SJL Inc. et. al</u>
            Index No.: 15 CV: 823 (GBD)
            Southern District of New York

Dear Hon. Daniels:

    We write notifying your office of the intended motion by Defendants seeking dismissal of all claims and/or a stay under 12(b)(1) and otherwise to compel arbitration pursuant to Federal Arbitration Act, 9 U.S.C. §1, *et seq.* and otherwise stay the putative class from seeking as a class FLSA and New York's Labor Law claims for wages, etc.  Below is our initial factual and statutory/case law analysis supporting these claims.

<u>Arbitration Clauses</u>

    During production of underlying documents, numerous agreements were provided to Plaintiffs' counsel which provide the basis of the within motion request.  Included in these produced documents are various agreements from the years 2008-2015 containing in one manner or another a certain arbitration clause.  In fact, entirely all of the possible opt-in plaintiffs have executed such an agreement containing some sort of arbitration clause.  Therefore, it is a fact that all of the potential opt in Plaintiffs have agreed to resolve any and all disputes relating to their work relationship through arbitration.  The requested motion relies upon these arbitration clauses as applied to the claims raised in this litigation.

    Relying upon controlling case law, assuming the enforceability of the arbitration clauses, the only question is whether the arbitration clause is clear and unequivocal. A summary of the Arbitration clauses is enclosed as Exhibit "1".  The arbitration clause summarily directs that "All disputes arising from this Lease shall be submitted to arbitration in accordance with the rules of the American Arbitration Association. All fees shall be paid by non-prevailing party." It is further

**REX WHITEHORN & ASSOCIATES, P.C.**

Re: <u>Guzman et. al. v. Three Amigos SJL Inc., et. al</u>
　　Index No.: 14 CV: 10120 (GBD)
　　<u>Rodriguez et. al. v. Three Amigos SJL Inc. et. al</u>
　　Index No.: 15 CV: 823 (GBD)
　　Southern District of New York

Date:  June 17, 2015

Page 2

　　submitted that such clause is in fact clear and concise and well known to these plaintiffs prior to commencing this action.

　　The Hart court (*Hart v. RCI Hospitality Holdings, Inc.*, No. 09 CIV. 3043 PAE, 2015 WL 1061501, at *22-24 (S.D.N.Y. Mar. 11, 2015)), quoting the Supreme Court of the United States, stated "Arbitration agreements, containing class-action waivers, have widely been upheld, including by the Supreme Court, see *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1743, 179 L. Ed. 2d 742 (2011), the Second Circuit, see *In re Am. Express Merch. Litig.* ("Amex III "), 667 F.3d 204, 219 (2d Cir.2012), and courts in this District, including this Court, see *Crewe v. Rich Dad Educ., LLC*, 884 F.Supp.2d 60, 83 (S.D.N.Y.2012).

　　Congress enacted the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), in response to widespread judicial hostility to arbitral agreements and the "jealous notion" "that arbitration agreements were nothing less than a drain on [the courts'] own authority to settle disputes." *Cooper v. MRM Investment Co.*, 367 F.3d 493 (6th Cir.2004) (citations and quotation marks omitted); see also, e.g., *AT & T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745, 179 L.Ed.2d 742 (2011).

　　The FAA provides in part: A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. In enacting the FAA, Congress intended to place arbitration agreements on equal footing with other contracts and establish a strong federal policy in favor of arbitration. See *AT & T*, 131 S.Ct. at 1745; *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); *JLM Indus., Inc. v. Stolt–Nielsen SA*, 387 F.3d 163, 171 (2d Cir.2004).

　　Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a judicial order compelling arbitration is mandatory, not discretionary. *Id.*

　　The FAA further requires courts to "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).  Defendants are respectful of the well settled law under FLSA and New York Labor Law §§ 190 et seq. & §§ 650 et seq., that an employee cannot contract out of the right to a minimum wage. We are also mindful that an employee may not contract away her legal right to be paid a minimum wage. See, e.g., *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296

**REX WHITEHORN & ASSOCIATES, P.C.**
Re:   Guzman et. al. v. Three Amigos SJL Inc., et. al
        Index No.: 14 CV: 10120 (GBD)
        Rodriguez et. al. v. Three Amigos SJL Inc. et. al
        Index No.: 15 CV: 823 (GBD)
        Southern District of New York
Date:  June 17, 2015
Page 3

(1945)); *Padilla v. Manlapaz*, 643 F.Supp.2d 302, 311 (E.D.N.Y.2009) ("[I]t is settled law that an employee may not waive the protections of the [New York] Labor Laws") (citations omitted).

We also respect that a person's agreement to classify herself as other than an employee is not dispositive of her legal status. See, e.g., *O'Neil*, 324 U.S. at 707 ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir.2013); NYLL § 663(1) ("Any agreement between the employee, and the employer to work for less than such [minimum] wage shall be no defense" to an action to recover for failure to pay the minimum wage). However, Defendants' request for arbitration is in no way meant to avoid or diminish the above rights, instead, to simply have them resolved as per the terms of their respective agreements, through arbitration.

Class Action Waiver

In addition to the arbitration clauses mentioned above, several of the agreements contain clauses prohibiting class action proceedings by the plaintiffs.  These agreement provisions reflect awareness by the corporate Defendants of the risk of future lawsuits, including class action litigation.  Such provisions were inserted based upon eminent business sense by the corporate Defendants to try, by express written agreement, to preclude dancers from litigating in court or initiating a class action. Such agreements containing class-action waivers have widely been upheld, including by the Supreme Court, see *AT & T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1748, 179 L.Ed.2d 742 (2011), the Second Circuit, see *In re Am. Express Merch. Litig.* ("Amex III"), 667 F.3d 204, 219 (2d Cir.2012), and courts in this District, including this Court, see *Crewe v. Rich Dad Educ., LLC*, 884 F.Supp.2d 60, 83 (S.D.N.Y.2012); see also *Ryan v. JPMorgan Chase & Co.*, 924 F.Supp.2d 559, 563 (S.D.N.Y.2013).

We submit that Plaintiffs' counsel should have been made aware of these agreements, and if so, initiated a more diligent effort to inquire into the existence of these agreements through their clients, as well as confirming compliance with such agreements through the personal tax return filings of the dancers, prior to commencing any lawsuit and should have abided by the terms and conditions set forth in the agreements when initiating the instant action. Since a majority, if not all, of the potential opt in plaintiffs have executed such an agreement, enforcement of the terms of these agreements seems naturally required and preferred by the Courts.  Based on the within, it is respectfully requested that the Court schedule a pre-motion conference.  We await your response.

Sincerely,

Rex Whitehorn, Esq.

cc: all parties of record via ECF