```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YADIRA GUZMAN, et al.,                              :

                Plaintiffs,                         :    ORDER

        -v.-                                        :
                                                         14 Civ. 10120 (GBD) (GWG)
THREE AMIGOS SJL INC., et al.,                      :

                Defendants.                         :
----------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Court had planned to hold a telephone conference as to certain matters but has been informed that there has been significant difficulty in arriving at a mutually convenient date and time. Accordingly, this Order is being issued instead.

Before approving the settlement, the Court asks that the parties submit a letter explaining what the legal requirements are, if any, for obtaining release of the claims of the opt-ins who did not sign the settlement agreement. The Court has no doubt that opt-ins who cash a payment check can be bound by the settlement agreement. But the agreement appears to also bind those who do not respond to efforts to locate them as well as any who do not cash a payment check. More to the point, the settlement does not appear to allow an existing opt-in the opportunity to object. Accordingly, the parties' letter should also address whether opt-ins are being given (or must be given) the power/opportunity to reject the settlement and, if so, what the status of an opt-in who rejects the settlement would be. It may be that the language in the opt-in form is sufficient to irrevocably bind any opt-in to the settlement; but the Court would like to know if any case law discusses this situation. In the Court's view, none of the cases cited in the memorandum of law on the issue of notice discuss the factual situation present here.[1]

The Court would also like clarity on how the W-9 form will be obtained from each opt-in and what methods will be undertaken to locate opt-ins who do not provide such a form. Presumably a notice will be sent to the opt-ins informing them of their obligation to supply the W-9 form. The Court would like to know why the Court should not approve this initial notice. On a related point, the Settlement Agreement does not explain how allocations will be made to each opt-in (other than the very general statement in Section 2.3). To fulfill its responsibilities under Cheeks, it would seem the Court would have to approve the specific methodology for these allocations. Accordingly, absent an explanation of why it would be inappropriate to do so, the methodology should be disclosed to the Court with an explanation of its reasonableness.

---

[1] As just one example, in Weston v. TechSol, LLC, 2018 WL 4693527 (E.D.N.Y. Sept. 26, 2018), the workers were given the option simultaneously to opt in and be bound by the settlement.

The Court notes that the proposed Notice that would accompany initial payments (Exhibit C) is replete with legal terminology and would likely be largely incomprehensible to the average person. The notice should be rewritten to be at a high school reading level and should eliminate all legal language except where absolutely necessary. (Additionally, the Court notes that there are two paragraph numbered "1." on page 2 of the Notice.)

Finally, the parties should clarify whether the Settlement Agreement addresses what would happen to any funds from the checks issued pursuant to Section 2.2.iii that are not cashed.

SO ORDERED.

Dated: November 21, 2019
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge